UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by                5:09-CV-441 (NAM)(GHL)
its Trustees, Michael S. Scalzo, Sr., John Bulgaro,
Gary Staring, Fredrick J. Carter and
Daniel W. Schmidt, Ronald G. Lucas and
Thomas J. Ventura

and

NEW YORK STATE TEAMSTERS COUNCIL
HEALTH & HOSPITAL FUND, by its Trustees,
Michael S. Scalzo, Sr., John Bulgaro, Gary Staring,
Fredrick J. Carter and Daniel W. Schmidt,
Ronald G. Lucas and Thomas J. Ventura,

                        Plaintiffs,
v.

STAATS EXPRESS, INC.,

                        Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

Paravati, Karl, Green & DeBella              Vincent M. DeBella, Esq.
12 Steuben Park
Utica, New York 13501
For Plaintiffs

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

On April 14, 2009, plaintiffs New York State Teamsters Conference Pension &

Retirement Fund, ("Pension Fund") by its Trustees, Michael S. Scalzo, Sr., John Bulgaro,

Gary Staring, and Thomas J. Ventura, and New York State Teamsters Council Health &

Hospital Fund, ("Health Fund") by its Trustees, Michael S. Scalzo, Sr., John Bulgaro, Gary

Staring, Fredrick J. Carter and Daniel W. Schmidt, Ronald G. Lucas and Thomas J. Ventura, filed this action alleging that defendant Staats Express, Inc., violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (a) *et seq*. According to the complaint, the Health Fund and Pension Fund are separate and distinct employee benefit funds which were created and exist pursuant to Agreements and Declarations of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters ("Teamsters"). These are multi-employer plans ("Plans") as defined in 29 U.S.C. § 1002(37)(A). To participate in these Plans, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with the Pension Fund and Health Fund which requires the employer to make benefit contributions on behalf of all eligible and appropriate employees. The participation agreement specifies the terms and conditions under which the employer must contribute to the Funds. During all relevant time periods, defendant was a participating employer in the Funds, a signatory to the participation agreements, and a signatory to a collective bargaining agreement with Teamsters Local 294.

Plaintiffs allege that defendant failed to comply with the terms of the participation agreement and/or Plan and owes the Health Fund $9,525.82 in delinquent contributions and liquidated damages, as well as interest, costs, and attorney's fees. Plaintiffs further allege that defendant failed to comply with the terms of the participation agreement and/or Plan and owes the Pension Fund $6,996.59 in delinquent contributions and liquidated damages, as well as interest, costs, and attorney's fees. To date, defendants have not filed an answer or

otherwise appeared in this action.

On November 6, 2009, plaintiffs filed a motion requesting that the Court enter default judgment against defendants. In support of their application, plaintiffs filed an affidavit by Kenneth R. Stilwell, Executive Administrator for the Funds. Stilwell avers that "On numerous occasions, the Pension and Health Funds notified the defendant that it owed delinquent contributions and liquidated damages as a result of its failure to make contributions or otherwise comply with the participation agreements and/or Plans . . . . However, no payment or response was ever received by the Pension and Health Funds. The defendant currently owes the Pension and Health Funds $15,020.38 in delinquent employee benefit contributions." Stilwell asserts that the Plan interest rate is eleven percent (11%), and utilizing this rate, the interest sum from April 14, 2009 through December 2, 2009, is $1,050.96 ($15,020.38 x .11 = $1,652.24 ÷ 365 = $4.53 per diem) (232 days x $4.53 = $1,050.96). Stilwell states, "the Pension and Health Funds are also entitled to liquidated damages in the amount of $1,502.03 for defendant's failure to timely remit contributions. This amount is calculated at the rate of ten percent (10%) of the contributions due and owing the Pension and Health Funds pursuant to the terms of the participation agreements". According to Stilwell, pursuant to the participation agreements, defendant has a contractual obligation to pay attorneys' fees. Plaintiffs further assert that defendant has a statutory obligation to pay interest, liquidated damages, and attorneys' fees.

The Pension Fund seeks a damages award in the sum of $9,695.03 which represents:

(1) $6,360.54 for delinquent employee benefit contributions; (2) interest on the delinquent contributions from April 14, 2009 through December 2, 2009 in the amount of $445.44; (3) $636.05 in liquidated damages; (3) $2,253.00 in attorneys' fees and costs. Plaintiffs also seek post-judgment interest.

The Health Fund seeks a damages award in the sum of $12,384.34 which represents: (1) $8,659.84 for delinquent employee benefit contributions; (2) interest on the delinquent contributions from April 14, 2009 through December 2, 2009 in the amount of $605.52; (3) $865.98 in liquidated damages; (3) $2,253.00 in attorneys' fees and costs. Plaintiffs also seek post-judgment interest.

## DISCUSSION

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Defendant has not answered or otherwise moved with respect to the complaint. Plaintiffs received a clerk's entry of default on October 6, 2009. On November 6, 2009, plaintiffs filed a motion for default judgment pursuant to Rule 55(b)(2). Plaintiffs have

submitted an affidavit by their counsel showing that defendants are not infants or incompetent, and are not in the military service. Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment.

*Liability and Damages*

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Med. and Clinical Servs. Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Plaintiffs have established that defendant Staats Express, Inc., as the business which signed the collective bargaining agreement, is liable for delinquent employee benefit contributions to the Pension Fund and Health Fund. Plaintiffs filed an affidavit by Kenneth Stilwell to establish the amount of damages for which defendant is liable. In view of the affidavits and documentary evidence submitted by plaintiffs, a hearing to ascertain the

damages in this case is unnecessary. Plaintiffs have demonstrated their entitlement to damages in the sum of $17,573.37.

### *Attorneys' Fees and Costs*

Plaintiffs are also entitled, under statute, to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent employee benefit contributions. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $3,906.00 in attorneys' fees and $600.00 in costs. Plaintiffs submit detailed time records which the Court has reviewed and finds reasonable. They demonstrate that 13.95 attorney hours at $280.00 per hour were spent on this matter in 2009.

With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' counsel, Vincent M. DeBella, Esq. has extensive experience and expertise in this field of litigation. Due to the nature of the claims, a substantial amount of expertise, time, and labor is required to pursue the claims successfully, even though in some cases recoveries may be relatively small. Here, counsel has succeeded in obtaining a judgment recovering liquidated damages as well as an order compelling defendants to produce their records for an audit. The importance of this case lies not only in recovering benefits for the affected employees, but also in conveying the message to employers and workers that the ERISA requirements will be enforced. The Court is aware of attorneys' fee awards in similar cases in this community; it has recently been determined that the prevailing rate in this community in a similar case by

the same attorneys is $210 per hour for experienced attorneys.  *See Engineers Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape* ("*Reape*"), 2008 WL 2385908, *4 (N.D.N.Y. 2008).  In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rate in *Reape* is the reasonable fee in the case at bar.  Plaintiffs have not submitted evidence warranting a different result.

Accordingly, the award of attorneys' fees and costs is the sum of $3,529.50, which represents: (1)  $2,929.50 (13.95 x $210) for Attorney DeBella's services; plus (2) $600 in costs.

## CONCLUSION

It is therefore

ORDERED that plaintiffs' motion for default judgment is granted; and it is further

ORDERED that plaintiffs are awarded judgment against Staats Express, Inc., for the sum of $21,102.87, which represents: (1) $17,573.37 in damages; plus (2) $3,529.50 in attorneys fees and costs, together with interest thereon, at the rate provided for by 28 U.S.C. § 1961(a).

IT IS SO ORDERED.

Dated: April 7, 2010
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge